**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SARA KIELLY,

                    Plaintiff,

            v.                                          9:23-cv-00717 (AMN/PJE)

S. MILLER and ROBERT E. RUGAR, *in*
*their individual capacities*,

                    Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **THE DRATCH LAW FIRM, P.C.** | **BRIAN M. DRATCH, ESQ.** |
| 233 Broadway, Suite 1800 | |
| New York, New York 10279 | |
| *Attorneys for Plaintiff* | |
| | |
| **HON. LETITIA JAMES** | **BRIAN W. MATULA, ESQ.** |
| New York State Attorney General | Assistant Attorney General |
| Litigation Bureau | |
| The Capitol | |
| Albany, New York 12224 | |
| *Attorneys for Defendant* | |

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION & ORDER**

## I.    INTRODUCTION

On June 14, 2023, Plaintiff Sara Kielly commenced this action pursuant 42 U.S.C. § 1983

("Section 1983") against Defendants S. Miller and Robert E. Rugar[1] related to an incident that she

alleges took place on November 5, 2020, while Plaintiff was confined at Great Meadow

---

[1] The Court notes that Plaintiff's filings misspell Defendant Robert E. Rugar's last name as
"Ruger." The Court employs the correct spelling throughout this opinion. The Clerk of the Court
is directed to correct the spelling of Defendant's name on the case docket.

Correctional Facility.  *See* Dkt. No. 1 ("Complaint").  On April 4, 2025, Defendant Rugar moved

to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

*See* Dkt. No. 18 ("Motion").  On April 23, 2025, Plaintiff opposed the Motion and simultaneously

cross-moved for service by alternative means.  *See* Dkt. No. 22 ("Cross-Motion").[2]  On May 2,

2025, Defendant filed a reply in support of the Motion and opposed the Cross-Motion.  *See* Dkt.

No. 23 ("Reply").

 For the reasons set forth below, Defendant's Motion is denied.

## II.     BACKGROUND

 Unless otherwise noted, the following facts are drawn from the Complaint, its attachments,

or materials it incorporates by reference, and are assumed to be true for purposes of ruling on the

Motion, *see Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of

Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*), or are otherwise matters of public record.  *See

Williams v. N.Y.C. Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020).

### A.  Procedural History

 Plaintiff commenced this action on June 14, 2023.  Dkt. No. 1.  On July 21, 2023, this

Court conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e) and

recommended that Plaintiff's Eighth Amendment claims against Defendants survive initial review.

---

[2] While Plaintiff styles her Cross-Motion as a motion for substituted service, the method of service Plaintiff proposes is not substituted service as defined by CPLR § 308(2), which does not require leave of court.  *See Templos v. Luna Cuisine, Inc.*, 738 F. Supp. 3d 325, 331 (E.D.N.Y. 2024) (noting that "substitute service may be accomplished by (1) delivering the summons to 'a person of suitable age and discretion' at the person's 'actual place of business' and (2) within twenty days thereafter, mailing the summons to the person's 'actual place of business'") (quoting CPLR § 308(2)).  Accordingly, the Court construes the Cross-Motion as a request for alternative service pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and CPLR § 308(5).

*See* Dkt. No. 6 at 8 ("Report-Recommendation").[3]  The Court also denied Plaintiff's motion for service as incomplete, with leave to renew in light of Plaintiff's *pro se* status.  *Id.*  The Court also informed Plaintiff of the requirements for effectuating service of the Summonses and Complaint by U.S. Marshal pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure.  *See id.*  In the event Plaintiff did not renew her request for service within twenty days, the Court stated that it would direct the Clerk to issue the Summonses and forward them to Plaintiff, who is responsible for effecting service on Defendants.  *Id.* at 9.  Plaintiff did not renew her motion for service, and on September 29, 2023, the Clerk issued the Summonses and copies of the Complaint to Plaintiff. Dkt. No. 7.

On October 12, 2023, counsel appeared on Plaintiff's behalf.  Dkt. No. 9.  According to Plaintiff's counsel, on December 15, 2023, Plaintiff's process server attempted service on Defendants at the W.A. Harriman State Office Campus, Bldg. 4, in Albany, New York ("Harriman Campus").  *See* Dkt. No. 22-2 at 2-3.  On January 18, 2024, Plaintiff's counsel requested a conference with this Court to discuss service, during which Plaintiff's counsel indicated that the process server was unable to serve Defendants at the Harriman Campus, and additionally was unable to serve them at Bedford Hills Correctional Facility.  *See* Dkt. No. 10.  On February 5, 2024, Plaintiff's counsel renewed Plaintiff's motion requesting service of process by the U.S. Marshal, which this Court granted.  Dkt. No. 12.  The Clerk reissued Summonses on February 6, 2024.  Dkt. No. 14.  Over one year later, on March 19 and April 9, 2025, Plaintiff's counsel appeared before Magistrate Judge Evangelista and indicated that, while Plaintiff had attempted to locate Defendants through the submission of Freedom of Information Law ("FOIL") requests,

---

[3] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

Plaintiff had made no further attempts to serve Defendants.  *See* Dkt. Nos. 16, 17, 21.

### B.  The Motion and Cross-Motion

On April 4, 2025, Defendant Rugar moved to dismiss the Complaint for insufficient service of process.  Dkt. No. 18.  Specifically, Defendant argues that Plaintiff cannot establish good cause to excuse noncompliance with the service requirements pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, and the Court should decline to exercise its discretion to allow Plaintiff additional time to effectuate service.  *See generally id.*  Plaintiff opposes the Motion and cross-moves for service by alternative means.  Dkt. No. 22.  Specifically, Plaintiff contends that she has shown good cause to excuse noncompliance because Plaintiff made various attempts to serve Defendants and sought to ascertain Defendants' identities and whereabouts by submitting FOIL requests to the Department of Corrections and Community Supervision ("DOCCS") and by utilizing a private investigator.  *See* Dkt. No. 22-9 at 4-5.  In her Cross-Motion, Plaintiff does not propose any alternative methods to effect service on either Defendant.  *See generally id.*  Plaintiff only argues that she is entitled to service by alternative means because service by other applicable methods is impracticable.  *See id.* at 5.  On May 2, 2025, Defendant Rugar replied to Plaintiff's opposition to the Motion and opposed the Cross-Motion.  Dkt. No. 23.

On July 30, 2025, Plaintiff subsequently filed a second motion for service by alternative means.  *See* Dkt. Nos. 24, 25 ("Second Motion").[4]  Plaintiff's Second Motion advances the same arguments as those advanced in her Cross-Motion, except that Plaintiff now seeks alternative service only on Defendant S. Miller by certified mail at Great Meadow Correctional Facility and at DOCCS offices at the Harriman Campus in Albany, New York.  Dkt. Nos. 24-2 ¶ 12, 25-2 ¶ 12.

---

[4] Dkt. No. 25 appears to be a duplicate of Dkt. No. 24.  Both motions, filed on July 30, 2025, attach the same exhibits and seek identical relief.  *See* Dkt. Nos. 24, 25.

Indeed, Plaintiff's memorandum of law in support of her Second Motion is identical to the memorandum filed in opposition to Defendant's Motion and in support of her Cross-Motion. *See* Dkt. Nos. 24 at 6 and 25-1 at 6 (both memorandums signed and dated on April 23, 2025). Plaintiff's exhibits in support of her Second Motion are also the same, except that Plaintiff now includes documents received from DOCCS in response to her FOIL request, specifically, what appears to be the investigative report prepared by DOCCS related to the alleged incident that took place on November 5, 2020. *See* Dkt. Nos. 24-10, 25-10. On August 21, 2025, Defendant Rugar responded to Plaintiff's Second Motion. Dkt. No. 26. In his response, Defendant notes that Great Meadow Correctional Facility closed in November 2024 and is no longer in operation. *Id.* at 1. Moreover, based on a review of public records, Defendant S. Miller, who Defendant believes to be "Scott Andrew Miller," is no longer employed at DOCCS. *See id* at 1-2. For completeness, the Court will consider the arguments advanced in Plaintiff's Second Motion as part of its assessment of Plaintiff's Cross-Motion.

## III.    STANDARD OF REVIEW

### A.  Motion to Dismiss Pursuant to Rule 12(b)(5)

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a pleading for insufficient service of process. *DiFillippo v. Special Metals Corp.*, 299 F.R.D. 348, 353 (N.D.N.Y. 2014). "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 Fed. Appx. 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). To determine whether service of process was sufficient, courts look to materials outside the pleadings "to determine what steps, if any, the plaintiff took to effect service." *Flemming v. Moulton*, No. 13-cv-1324, 2015 WL 5147035, at *4 (N.D.N.Y. Sept. 1, 2015) (citations omitted). If the Court

determines that service was insufficient, the court may dismiss the action, or in the alternative, grant leave to allow the plaintiff to cure the insufficiency. *See Muhammad v. Price Chopper Corp.*, No. 24-cv-291, 2025 WL 460836, at *2 (N.D.N.Y. Feb. 11, 2025) (citation omitted).

Rule 4(e) of the Federal Rules of Civil Procedure governs the permissible methods of service on individual defendants. *See Flemming*, 2015 WL 5147035, at *5. "Under Rule 4(e), a summons can be served on an individual within the United States by 1) delivering a copy of the summons and of the complaint to the individual personally; 2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; 3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process; or 4) can be served pursuant to the law of the state where service is made." *Id.* (citing Fed. R. Civ. P. 4(e)(l-2)). The purpose of this requirement is "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

If a defendant is not served within 120 days after the filing of the complaint, courts "must extend the time to serve if the plaintiff has shown good cause" pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *Harper v. NYC Admin. for Children's Servs.*, No. 09-cv-2468, 2010 WL 23328, at *2 (S.D.N.Y. Jan. 5, 2010); *see also* Fed. R. Civ. P. 4(m) Advisory Committee's Note (1993 Amendments). "Good cause to excuse a failure to effect service exists only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 401 (S.D.N.Y. 2020) (internal quotation marks and citations omitted). "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66

(S.D.N.Y. 2010) (citations omitted).  Good cause for the failure to effect service in 120 days is not satisfied by a showing of "some unanticipated difficulty." *Kogan*, 334 F.R.D. at 401-02 (citation omitted).

Absent a showing of good cause, the court may nevertheless exercise its discretion to extend the time to serve under Rule 4(m).  *Harper*, 2010 WL 23328, at *2.  In the absence of good cause, courts consider four factors to determine whether to grant a discretionary extension: (1) whether "the statute of limitations would bar the refiled action"; (2) whether "defendants had actual notice of the claims in the complaint"; (3) whether "defendants attempted to conceal the defect in service"; and (4) whether "defendants would be prejudiced by an extension of the deadline." *Muhammad*, 2025 WL 460836, at *4 (citation omitted).

### B.  Service by Alternative Means

"Rule 4(e) of the Federal Rules of Civil Procedure provides for service of process on an individual in the United States according to the laws of the state where the district court is located." *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021) (citing Fed. R. Civ. P. 4(e)).  "In New York, service of process may be effected by: (1) personal service; (2) delivery to 'a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served' and by either mailing the summons to the person to be served at his or her last known residence; (3) service on an agent; or (4) so-called 'nail and mail' service." *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016) (quoting CPLR §§ 308(1)-(4)).  New York courts construe "actual place of business" to include "(1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by her within that place of

business." *Archa v. New York*, No. 24-cv-677, 2025 WL 2371018, at *4 (N.D.N.Y. Aug. 14, 2025) (internal quotation marks and citation omitted).

"When service according to these traditional methods is 'impracticable,' service may be made 'in such manner as the court, upon motion without notice, directs.'" *Windward Bora LLC v. Edinboro*, 719 F. Supp. 3d 238, 241 (E.D.N.Y. 2024) (quoting CPLR § 308(5)); *see also Belov v. Ilustrato Pictures Int'l, Inc.*, No. 24-cv-9372, 2025 WL 2257361, at *3 (S.D.N.Y. Aug. 7, 2025) (noting that a plaintiff seeking to serve by alternative means "generally must make some showing that the other prescribed methods of service could not be made" (citation omitted)). If the plaintiff shows that traditional service is impracticable, the Court must then ensure that the purported method of alternative service complies with constitutional due process by being "reasonably calculated, under [all] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Green Mountain Elec. Supply, Inc. v. Power Mfg., LLC*, No. 24-cv-1060, 2024 WL 5053199, at *2 (N.D.N.Y. Dec. 9, 2024) (quoting *F.T.C. v. PCCare247 Inc.*, No. 12-cv-07189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013)).

## IV.    DISCUSSION

Before a federal court can exercise personal jurisdiction over a defendant, valid service is required. *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). In this District, service of process is governed by Local Rule 4.1(b), which provides, in relevant part, that a plaintiff has 60 days from the filing of a complaint to effect service, and "[i]n no event shall service of process be completed after" 90 days, which is the deadline imposed by the Federal Rules of Civil Procedure. N.D.N.Y. L.R. 4.1(b); *see* Fed. R. Civ. P. 4(m).

Here, Plaintiff commenced this action on June 14, 2023, by filing a complaint. Dkt. No. 1. Thus, Plaintiff was required to complete service by August 14, 2023, in accordance with the

local rules, and "in no event" after September 12, 2023. *See* N.D.N.Y. L.R. 4.1 (b). Plaintiff failed to serve Defendants prior to the 90-day deadline. *See generally* Docket Sheet.

### A. Good Cause for Failure to Serve

The plaintiff bears the burden of proof to establish good cause for not timely serving the defendants. *See Hamza v. Yandik*, No. 19-cv-447, 2023 WL 5336812, at *3 (N.D.N.Y. Aug. 18, 2023), *aff'd*, 2025 WL 573708 (2d Cir. Feb. 21, 2025). In determining whether a plaintiff acted diligently to effectuate service, courts consider whether the plaintiff sought leave for an extension of time to complete service under Fed. R. Civ. P. 6(b). *See id*. In particular, courts have found that a plaintiff's failure to act after being notified that the U.S. Marshal was unsuccessful in effectuating service "risks dismissal of [plaintiff's] claims." *Dimperio v. Onondaga Cty.*, No. 13-cv-1202, 2015 WL 5603507, at *12 (N.D.N.Y. Sept. 23, 2015); *see also Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) ("If . . . it becomes apparent that the Marshals will not accomplish [service] by the Rule 4(m) or court-ordered deadline, [plaintiff] must . . . request a further extension of time" for the Marshals to effectuate service.).

Here, the Court provided ample time and opportunity for Plaintiff to identify, locate, and serve Defendants. In July 2023, this Court instructed Plaintiff regarding the steps for effectuating service by U.S. Marshal. *See* Dkt. No. 6 at 8-10. Plaintiff failed to renew her motion for service at that time, so the Clerk issued Plaintiff copies of the Summonses and Complaint. Dkt. No. 7. On December 15, 2023—over two months after Plaintiff's counsel appeared in this case— Plaintiff's process server attempted to serve Defendants at the Harriman Campus in Albany. *See* Dkt. No. 22-2 at 2-3. Plaintiff's process server was advised that corrections officers must be served at the facility where they work or at their residential address. *See id*. According to Plaintiff, the process server then attempted to serve Defendants at Bedford Hills Correctional Facility. *See* Dkt.

No. 22-3 at 2.  Yet, neither of the Defendants were alleged to have ever worked at Bedford Hills Correctional Facility, nor did the events alleged by Plaintiff take place at Bedford Hills Correctional Facility.  *See generally* Dkt. No. 1.  In February 2024, with guidance from this Court, Plaintiff renewed her motion requesting service of process by the U.S. Marshal.  Dkt. No. 12. Thereafter, service by the U.S. Marshal at Great Meadow Correctional Facility was unsuccessful. Dkt. No. 22-6 at 2-3.

These actions are insufficient to establish that Plaintiff's inability to effectuate service was due to "exceptional circumstances" or that the delay was beyond Plaintiff's control.  Courts in this Circuit have repeatedly held that "an attorney's inadvertence, neglect, mistake, or misplaced reliance does not constitute good cause."  *Stuart v. Paulding*, No. 12-cv-25, 2013 WL 1336602, at *3 (N.D.N.Y. Mar. 28, 2013) (citations omitted); *see also AIG Managed Mkt. Neutral Fund v. Askin Cap. Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000) (collecting cases).  According to the record, Plaintiff alleged that Defendants were employed at Great Meadow Correctional Facility approximately four years earlier—in October 2020, *see* Dkt. No. 1 at 2, yet Plaintiff's counsel appears to have made minimal effort to ascertain Defendants' current workplaces or personal residences.  While Plaintiff did hire a private investigator to attempt to locate Defendants, the extent of the investigator's search was limited to "the area of Great Meadow Correctional Facility." *See* Dkt. Nos. 22-8 at 2, 22-9 at 5.  Plaintiff provides no further detail regarding the extent of the investigator's search.  Plaintiff's FOIL request to DOCCS fares no better, as the request fails to seek information pertaining to Defendants' work locations, residential addresses, or current employment status.  *See* Dkt. No. 22-7 at 2 (seeking copies of all investigative reports related to a sexual assault upon Plaintiff, a copy of Plaintiff's "PREA" (also known as the Prison Rape Elimination Act) complaint, and copies of any memoranda issued by Defendants regarding the

November 5, 2020 incident).  Moreover, Plaintiff had not sought leave to extend the time for the U.S. Marshal to effectuate service at any point during the time this case has been pending, which includes the more than two years that Plaintiff has had counsel.

Accordingly, based on the record, the Court finds that Plaintiff fails to demonstrate good cause for her failure to serve Defendants in a timely manner.

### B. Discretionary Extension

Notwithstanding Plaintiff's failure to demonstrate good cause, the Court may nevertheless exercise its discretion to extend the time for Plaintiff to effectuate service pursuant to Rule 4(m). *See Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (noting that "a district court may grant an extension in the absence of good cause, but it is not required to do so"); *see also* Fed. R. Civ. P. 4(m) Advisory Committee's Note (1993 Amendments) (stating that courts may "relieve a plaintiff of the consequences of an application of [the rule] even if there is no good cause shown"). When determining whether to grant a discretionary extension, courts typically consider whether "(1) the statute of limitations would bar the refiled action; (2) defendants had actual notice of the claims in the complaint; (3) defendants attempted to conceal the defect in service; and if (4) defendants would be prejudiced by an extension of the deadline." *Muhammad*, 2025 WL 460836, at *4 (citation omitted).  After having weighed these four factors, the Court, in its discretion, extends the time for Plaintiff to effectuate service.

Regarding the first factor, the Second Circuit has left it to the district courts to "weigh the prejudice to the defendant that arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service." *Zapata*, 502 F.3d at 198.  The Rule 4(m) Advisory Committee's Notes "specifically mention that an extension might be justified where [the] statute of limitations would bar the refiling of an action." *Id*.  Here, the

three-year statute of limitations on Plaintiff's Section 1983 claims, *see id.* at 194 n.3, expired on February 3, 2024. *See Frasca v. U.S.*, 921 F.2d 450, 453 (2d Cir. 1990) (noting that "the statute of limitations for the underlying claim is tolled during th[e] [90-day] period"). "Th[is] fact alone may constitute cause for a discretionary extension." *Reese v. Univ. of Rochester*, No. 04-cv-6117, 2005 WL 1458632, at *2 (W.D.N.Y. June 20, 2005) (citation omitted). Accordingly, because Plaintiff's claims are time-barred, the first factor weighs heavily in favor of granting Plaintiff an extension of time to serve Defendants. *See Songhorian v. Lee*, No. 11-cv-36, 2012 WL 6043283, at *4 (S.D.N.Y. Dec. 3, 2012) (noting that "courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis" (citation omitted)).

As to the second factor, at least one of the named Defendants has actual notice of this action, although it appears that counsel did not advise him of the suit until after the statute of limitations had run. In support of his motion to dismiss, Defendant Rugar submitted a declaration stating that he became aware of the lawsuit and was provided with a copy of the Complaint in November 2024. *See* Dkt. No. 18-2 ¶¶ 3-4. Accordingly, the second factor weighs in slight favor of Defendants.

Regarding the third factor, there is no indication that Defendants attempted to conceal any defect in service. *See Benites v. New York Dep't of Corr. & Cmty. Supervision*, No. 21-cv-6863, 2023 WL 1966181, at *5 (S.D.N.Y. Feb. 13, 2023) (finding that the defect in service was not the result of any acts of concealment by the defendants). Thus, while the third factor weighs in Defendants' favor, "this factor alone is not sufficient to offset other factors weighing in Plaintiff's favor." *Harrison v. New York*, 95 F. Supp. 3d 293, 320 (E.D.N.Y. 2015) (granting extension even where federal defendants did not attempt to conceal defect in service) (citation omitted).

Lastly, as to the fourth factor, while an extension of time for Plaintiff to complete service may prejudice Defendants to the extent that Defendants would have to expend time and resources to defend a lawsuit that was untimely served, Plaintiff will suffer substantial prejudice if she is denied an extension of time to serve because her claims will be barred by the statute of limitations. *See Purzak v. Long Island Hous. Servs.*, Nos. 12-cv-1747, 12-cv-4010, 2013 WL 5202711, at *7 (E.D.N.Y. Sept. 13, 2013) (finding that the fourth factor weighed in plaintiff's favor despite defendants being "forced to defend this action even though the statute of limitations has expired"); *see also Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 599 (E.D.N.Y. 2013) ("Although defendant will be burdened with the obligation to defend this lawsuit if the extension is granted, that does not rise to the level of prejudice necessary to tip the balance of this factor in defendant's favor.") (internal quotation marks, citation, and alterations omitted). While Defendants may face some prejudice due to the passage of time since the alleged events took place, Defendant does not argue that witnesses are unavailable or that the passage of time has affected Defendants' recollection of events. *See* Dkt. No. 18-1 at 13. For these reasons, the fourth factor weighs in favor of Plaintiff.

The Court is mindful of the effect that dismissal will have on Plaintiff. Dismissing Plaintiff's Complaint without prejudice would effectively extinguish all of Plaintiff's claims against Defendants because any newly filed claims would be time-barred. Considering the balance of equities and the general preference for adjudicating cases on the merits, *see Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995), the Court exercises its discretion to grant Plaintiff an extension to serve the Summonses and Complaint on Defendants pursuant to Rule 4(m).[5]

---

[5] In light of the Court's determination to extend Plaintiff's time to complete service, the Court need not address Plaintiff's cross-motion for alternative service. However, the Court notes that Plaintiff's proposed alternative method of service is unlikely to apprise Defendants of the

13

* * *

For the foregoing reasons, the Court grants Plaintiff a final opportunity to effectuate proper service.  To promote efficiency and avoid further unnecessary delay, the Court directs Plaintiff to serve the Summonses and Complaint upon Defendants and file proof of service within 30 days of the date of this Memorandum-Decision and Order.  If Plaintiff anticipates any difficulty completing service within that time, Plaintiff shall immediately contact the Magistrate Judge assigned to this case.

## V.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's motion to dismiss, Dkt. No. 18, is **DENIED**; and the Court further

**ORDERS** that Plaintiff's Cross-Motion and Second Motion for alternative service, Dkt. Nos. 22, 24, and 25, are **DENIED** as moot; and the Court further

**ORDERS** that Plaintiff, within **thirty days** of this Memorandum-Decision and Order, **serve Defendants with the Summonses and Complaint and file proof of service with this Court** by filing an affidavit completed by the process server affirming that Defendants were properly served; and the Court further

---

pendency of this action.  Plaintiff requested that Defendant Miller be served via certified mail at Great Meadow Correctional Facility and at DOCCS offices at the Harriman Campus in Albany, New York.  *See* Dkt. No. 24-2 ¶ 12.  Great Meadow Correctional Facility closed in November 2024 and is no longer in operation.  *See* Dkt. No. 26 at 1.  Furthermore, both Defendants are no longer DOCCS employees.  *See id.* (noting that Defendant Miller appears to have left DOCCS in 2022 based on publicly available information); Dkt. No. 18-2 ¶ 1 (Defendant Rugar declaring that he is a former employee of DOCCS).  Accordingly, service by certified mail at either Great Meadow Correctional Facility or the Harriman Campus in Albany is highly unlikely to reach either Defendant.

14

**ORDERS** that Plaintiff immediately contact the Magistrate Judge assigned to this case should Plaintiff anticipate any difficulty completing service within this timeframe; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the Parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 22, 2025
      Albany, New York

Anne M. Nardacci
U.S. District Judge